## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE ANGELOPOULOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civ. No. 08-804-MPT |
| | ) |
| DELAWARE RACING ASSOCIATION | ) |
| AND/OR ABC CORPORATION | ) |
| doing business as DELAWARE PARK | ) |
| & RACING ASSOCIATION | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

R. Keith Sanclemente, Esquire, Sanclemente & Associates, LLC, Bear, Delaware.
Local Counsel for Plaintiff.

Thomas J. Gerard, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin,
Wilmington, Delaware.
Counsel for Defendant.

Dated: November 12, 2009
Wilmington, Delaware

THYNGE, Magistrate Judge

## INTRODUCTION

On July 24, 2008, George Angelopoulos ("plaintiff")[1] filed this negligence action against Delaware Racing Association ("defendant").[2] Plaintiff alleges that, on or about August 6, 2007, defendant negligently created a dangerous and/or defective condition on its premises that caused plaintiff to slip and fall and sustain severe and permanent injuries. Presently before the court is defendant's motion for summary judgment.[3] For the reasons set forth below, the court will grant defendant's motion for summary judgment.

## BACKGROUND[4]

On August 6, 2006, plaintiff, his wife, and their two friends arrived at the Delaware Park to enjoy a day at the facilities as they had done numerous times before. Plaintiff drove the group from Drexel Hill, Pennsylvania and left his vehicle at the valet area nearest the slot machines. After a few hours of playing the slot machines, plaintiff returned to the valet area to retrieve his vehicle. Plaintiff handed the attendant his ticket and began to walk towards the other side of the valet driveway to join his wife and friends. As he approached the driveway, plaintiff stepped on the curb of the sidewalk and fell, hitting his head against a concrete bench and landing on his left side.

After getting up, plaintiff looked at the curb and saw a dark spot with "some bubbles." Although he believes that the substance was soda, plaintiff did not examine

---

[1] Plaintiff is an individual residing in Drexel Hill, Pennsylvania.

[2] Defendant is the owner and operator of the Delaware Park Race Track ("Delaware Park") located in Wilmington, Delaware.

[3] The parties' consented to the jurisdiction of Magistrate Judge Thynge on October 22, 2009 pursuant to 26 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

[4] Facts are taken from the complaint and plaintiff's deposition.

the spot or curb closely that day. Plaintiff further admits that he did not notice the spot before falling because he was looking across the valet driveway for his wife and friends. Plaintiff was also unaware of how long the dark spot had been there and whether Delaware Park or any of its employees were aware of it. Regardless, plaintiff asserts that he slipped and fell on the "partially dried 8" diameter wet sticky dark spot" that was located on the curb of the sidewalk.

Plaintiff filed suit against defendant on July 24, 2008 in the Eastern District of Pennsylvania. Upon defendant's motion, the matter was transferred to the District of Delaware on October 22, 2008.[5] Before the court is defendant's motion for summary judgment, filed on June 25, 2009.

## STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."[6] Once there has been adequate time for discovery, Rule 56(c) mandates judgment against the party who "fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[7] When a party fails to make such a showing, "there can be no 'genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all

---

[5] On October 22, 2009, the parties' consented to the jurisdiction of Magistrate Judge Thynge in the present matter pursuant to 26 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

[6] FED. R. CIV. P. 56(c).

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

other facts immaterial."[8] The moving party is therefore entitled to judgment as a matter of law because "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."[9] A dispute of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[10]

The moving party bears the initial burden of identifying portions of the record which demonstrate the absence of a genuine issue of material fact.[11] However, a party may move for summary judgment with or without supporting affidavits.[12] Therefore, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence supporting the nonmoving party's case."[13]

If the moving party has demonstrated an absence of material fact, the nonmoving party must then "come forward with specific facts showing that there is a genuine issue for trial."[14] If the nonmoving party bears the burden of proof at trial, he "must go beyond the pleadings in order to survive a motion for summary judgment."[15] That party "may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial."[16] At the summary

---

[8] *Id.* at 323.

[9] *Id.*

[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[11] *Celotex*, 477 U.S. at 323.

[12] *Id.*

[13] *Id.* at 325.

[14] FED. R. CIV. P. 56(c).

[15] *Yeager's Fuel v. Pennsylvania Power & Light Co.*, 22 F.3d 1260, 1273 (3d Cir. 1994).

[16] *Anderson*, 477 U.S. at 248.

3

judgment stage, the court is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial."[17] Further, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[18] The threshold inquiry therefore is "determining whether there is a need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[19]

## DISCUSSION

In Delaware, a landowner is not liable to its business invitees merely because the invitee sustained injuries on the premises.[20] Instead, the injured party is required to prove (1) that the "injuries were caused by an unreasonably dangerous condition on the premises," (2) which the owner knew or with due care should have known existed, (3) which was not discoverable by the invitee, and (4) which the owner did not use reasonable care to protect the invitee against.[21]

To support his negligence claim, plaintiff contends that the dark spot of either ice cream or soda on the asphalt curb constituted a dangerous condition. As a result, plaintiff claims that he slipped and fell and suffered severe pain on the left side of his body and head. Plaintiff's complaint also alleges that the valet attendants were aware

---

[17] *Id.* at 249.

[18] *Id.*

[19] *Id.* at 250.

[20] *Shinners v. K-Mart Corp.*, 847 F. Supp. 31, 33 (D. Del. 1994); *Hess v. United States*, 666 F. Supp. 666, 671 (D. Del. 1987) ("Proof of nothing more than the occurrence of a fall is insufficient to show negligence.").

[21] *Shinners*, 847 F. Supp. at 33; *Hess*, 666 F. Supp. at 671.

of the dangerous condition, but failed to notify or warn plaintiff of its existence.[22]

In *Howard v. Food Fair Stores, New Castle Inc.*, the Delaware Supreme Court found that the plaintiff offered sufficient evidence to withstand summary judgment.[23] The plaintiff in that matter claimed that "both feet flew out from under her" as she walked along the aisle.[24] When she looked around, she noticed "what appeared to be grease marks" on the floor around her and that "her dress became wet."[25] In addition, the ambulance attendant who arrived testified that he also saw the black marks which he concluded "caused the floor to be slick and slippery."[26] In contrast, the court in *Hess* granted the defendant's motion for summary judgment.[27] There, the plaintiff alleged that while she was walking into the post office, she slipped on the terrazzo floor which was wet from the rain.[28] The court distinguished *Howard* noting that, unlike a supermarket where customers are expected to look at the shelves of food instead of the floor, "[t]here were no such diversions in this case."[29]

The present matter is analogous to *Hess* and distinguishable from *Howard*. In the present matter, plaintiff has failed to establish that an unreasonably dangerous condition caused his injuries because it is not unreasonable that the asphalt sidewalk contained sticky spots from spilled drinks.[30] Furthermore, plaintiff acknowledges that

---

[22] Plaintiff makes this assertion in his complaint but later states he did not know whether the valet attendants were alerted of the condition.

[23] *Howard v. Food Fair Stores, New Castle Inc.*, 201 A.2d 638 (Del. 1964).

[24] *Id.* at 639.

[25] *Id.*

[26] *Id.*

[27] *Hess*, 666 F. Supp. at 666.

[28] *Id.* at 669.

[29] *Id.* at 671.

[30] In his deposition, plaintiff mentions that he has often ate at the Delaware Park.

his view of the curb was not obstructed, and the substance would have been apparent had he directed his attention to where he was walking. Even assuming that the dark spot on the curb was a dangerous condition, plaintiff has not provided any evidence to support that he stepped on the substance and that it caused his fall. In his deposition, plaintiff admits that he did not look down as he approached the curb and only noticed the dark spot after he fell. Similar to the plaintiff in *Hess*, plaintiff had a clear view of the curb, but was focusing ahead, rather than observing where he was walking.

Unlike the plaintiff in *Howard* whose dress was wet after the fall, plaintiff, in the instant matter, never indicated that his shoe was dirty or sticky or that he observed a footprint or any skid mark in the dark spot. When asked whether anyone actually saw him step on the substance, plaintiff replied in the negative. Plaintiff's claim is based on the fact that when he fell, he subsequently observed the dark spot on the curb *near* where he "slipped." As the court stated in *Hess*, "[p]roof of nothing more than the occurrence of a fall is insufficient to show negligence."[31] Moreover, without any facts supporting the claim that he stepped or slipped on the substance, plaintiff cannot establish causation and therefore, has failed to satisfy his burden of proof.

## CONCLUSION

Based upon the foregoing analysis, defendants' motion for summary judgment is **GRANTED**.

---

[31] *Id.*

6